**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LILTONYA COAST and BYRON COAST,** | |
| **Plaintiffs,** | |
| **v.** | **1:13-cv-991-WSD** |
| **THE BANK OF NEW YORK MELLON TRUST (NYBMT), N.A., formerly known as the Bank of New York Trust Company, N.A.; BANK OF AMERICA, N.A., and RUBIN LUBLIN, LLC,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on The Bank of New York Mellon[1]

("BONY") and Bank of America, N.A.'s ("BANA") (together, the "Bank

Defendants") Motion to Dismiss [20], and Rubin Lublin, LLC's ("Rubin Lublin")

(collectively, "Defendants") Motion to Dismiss [23] Plaintiffs Liltonya Coast and

Byron Coast's (together, "Plaintiffs") Complaint [1].

---

[1]     BONY asserts that it was incorrectly named in Plaintiffs' Complaint as "The Bank of New York Mellon Trust (NYBMT), N.A., formerly known as the Bank of New York Trust Company, N.A."  [20.1 at n.1].

# I.    BACKGROUND

On February 28, 2007, Ms. Coast executed a promissory note (the "Note") in the amount of $135,850, in favor of The Lending Group, Inc. ("TLG"). (Compl. ¶ 7; Note [14 at 80-87] at 1). Repayment of the Note was secured by a deed ("Security Deed") to real property located at 5710 Cave Springs Road, Douglasville, Georgia (the "Property"). (Compl. ¶ 7; Security Deed [14 at 42-60] at 1, 3). Ms. Coast executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), "as nominee for [TLG] and [TLG's] successors and assigns." (Security Deed at 1). Under the terms of the Security Deed, Ms. Coast "grant[ed] and convey[ed] to MERS (solely as nominee for [TLG] and [TLG's] successors and assigns) and the the [sic] successors and assigns of MERS, forever, with power of sale, the [Property]." (Id. at 3).[2]

At some point, Countrywide became Ms. Coast's loan servicer. (Compl. ¶ 8). Countrywide later merged with BANA and BANA began servicing the loan. (Id. ¶ 10).

In July 2010, Plaintiffs claim they began "noticing inconsistencies and what where [sic] thought to be errors in accounting on monthly billing statements," and

---

[2]    Mr. Coast was not a party to the Note or Security Deed. On February 28, 2007, Ms. Coast executed a warranty deed conveying the Property to Mr. Coast and herself.

they "became aware of illegal and fraudulent practices by Countrywide employees, who had now become [BANA]." (Compl. ¶¶ 9-10).

In August 2010, Plaintiffs sent BANA a "qualified written request" ("QWR") requesting certain information regarding their mortgage. (Id. ¶ 11).

In September 2010, BANA responded to Plaintiffs' letter and provided "a photocopied miniaturized version of plaintiffs [sic] recorded loan documents MINUS; [sic] a lawful contract between Defendants and Plaintiffs, an original or certified copy of [the Note] showing legal and valid endorsements and certified accounting as requested." (Id. ¶ 12).

On November 12, 2010, Plaintiffs sent BANA another QWR, asserting that BANA's response was deficient and requesting additional documents. (Id. ¶ 16 & Ex. B [14 at 67]).

On December 16, 2010, BANA responded to Plaintiffs' second QWR and stated that the loan is presently due for the June through December 2010 payments, that the owner of the loan is BONY, that BANA is the loan servicer, and that signed copies of the loan and a loan transaction history statement had been mailed to Plaintiffs separately. (Compl. ¶ 19 & Ex. E [14 at 122-123]).

On January 15, 2011, Plaintiffs sent BONY a "request to produce pertinent legal documents granting standing as a holder in due course of promissory note of

Plaintiffs." (Id. ¶ 20). Plaintiffs claim BONY did not respond to their request. (Id. ¶ 21).

On August 8, 2011, MERS assigned its rights under the Security Deed to BONY, "as Trustee for the Certificate Holders of CWABS Inc., Asset-Backed Certificates, Series 2007-5" (the "Assignment"). (Id. ¶ 23 & Ex. G [14 at 127]).[3] The Assignment states that MERS

> does hereby grant, sell, assign, transfer and convey unto THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-5 . . . all beneficial interest under [the Security Deed] together with the [Note] and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Security Deed.

(Assignment).

On September 29, 2011, Rubin Lublin, on behalf of BONY, sent Plaintiffs a Notice of Acceleration and Foreclosure indicating that Ms. Coast had defaulted on her loan obligations and that the Property would be sold at foreclosure on the first Tuesday in November, 2011. (Compl. ¶ 27 & Ex. H [14 at 130-131].

---

[3] Plaintiffs do not distinguish between BONY itself and BONY in its capacity as trustee. Because Plaintiffs' claims relate to the Security Deed and Assignment, it appears that Plaintiffs intend to assert claims against BONY in its capacity as trustee.

At some point, Ms. Coast filed a petition for relief under Chapter 13 of the Bankruptcy Code. (Compl. ¶ 28). Plaintiffs claim that "because of continued delays, [the Bank Defendants were] removed from Bankruptcy proceedings." (Id. ¶ 30).

On November 28, 2012, Rubin Lublin, on behalf of BONY, sent Plaintiffs another Notice of Acceleration and Foreclosure, indicating that the Property was scheduled to be sold at foreclosure on the first Wednesday in January, 2013. (Id. ¶ 31 & Ex. I [14 at 139-140]).

On February 26, 2013, Plaintiffs received a letter from "Defendants" indicating that the Property would be sold at foreclosure on April 2, 2013. (Id. ¶ 35).

On March 27, 2013, Plaintiffs, proceeding *pro se*, filed their Complaint. Plaintiffs assert claims for wrongful foreclosure, "assignment and title fraud/slander of title," negligence, "violation of good faith and fair dealing," and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiffs seek injunctive, equitable and declaratory relief, compensatory and punitive damages, attorney's fees and litigation costs. Plaintiffs also requested a Temporary Restraining Order ("TRO") to enjoin sale of the Property.

On March 27, 2013, the Court instructed Plaintiffs to serve Defendants with a copy of their Complaint and notice that a hearing on Plaintiffs' request for TRO was scheduled for April 1, 2013.

On April 1, 2013, the Court denied Plaintiffs' request for a TRO enjoining sale of the Property.  At the hearing, Plaintiffs argued that Defendants lack standing to foreclose on the Property because the Assignment was not valid and it violated New York Trust laws and the Pooling and Servicing Agreement for the trust.  The Court found that Plaintiffs failed to show a substantial likelihood of success on the merits of their claims, including because Plaintiffs admitted they had defaulted on their loan obligations in 2010 and they could not tender the amount of their missed payments.

On April 29, 2013, Defendants moved to dismiss Plaintiffs' Complaint.

## II.  DISCUSSION

### A.  <u>Legal Standard</u>

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  <u>Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept a plaintiff's legal conclusions. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012). Nor will the Court "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.[4]

---

[4] The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court decided that "this famous observation has earned its retirement." Id. at 563.

To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[5]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the

---

[5]     Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." <u>Osahar v. U.S. Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    <u>Analysis</u>

        1.    <u>The Bank Defendants' Standing to Foreclose</u>

The crux of Plaintiffs' Complaint is that the Bank Defendants lack standing to foreclose on the Property. It is undisputed that Ms. Coast executed the Security Deed in favor of MERS, as nominee for TLG. (Security Deed at 1). Under the terms of the Security Deed, Ms. Coast "grant[ed] and convey[ed] to MERS (solely as nominee for [TLG] and [TLG's] successors and assigns) and the the [sic] successors and assigns of MERS, forever, with power of sale, the [Property]." (<u>Id.</u> at 3).

On August 8, 2011, MERS assigned its rights under the Security Deed to BONY. The Assignment states that MERS "does hereby grant, sell, assign, transfer and convey unto [BONY] all beneficial interest under [the Security Deed] together with the [Note] and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said

Security Deed." (Assignment). BONY is thus entitled to exercise the power of sale in the Security Deed. See O.C.G.A. § 23-2-114.[6]

To the extent Plaintiffs argue that the Assignment is defective or fraudulent, Plaintiffs were not parties to the Assignment and therefore they do not have standing to challenge its validity. See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward

---

[6]     In Georgia,

Powers of sale in deeds of trust, mortgages and other instruments shall be strictly construed and shall be fairly exercised. . . . Unless the instrument creating the power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or *successor of the grantee in a mortgage*, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, *or an assignee thereof*, or his personal representative, heir, heirs, legatee, devisee, *or successor may exercise any power therein contained*; and such powers may so be exercised regardless of whether or not the transfer specifically includes the powers or conveys title to the property described.

O.C.G.A. § 23-2-114 (emphasis added). The Security Deed discloses no intent on the part of Ms. Coast to restrict MERS from assigning its rights, including the power of sale, under the Security Deed. Rather, Ms. Coast unequivocally granted to MERS, its successors or assigns, the right to foreclose and sell the Property in the event of her default.

v. BAC Home Loans Serv., L.P., No. 12-15487, 2013 WL 4400102, at *2

(11th Cir. Aug. 16, 2013) (citing Montgomery).

Even if they did have standing to challenge the Assignment, to the extent

Plaintiffs argue that the Assignment is not valid because it was executed by MERS,

signed by alleged "robosigners," and violated the PSA for the trust, these

arguments have been repeatedly rejected by the Eleventh Circuit and this Court.

See, e.g., Sutton v. Bank of Am., N.A., No. 1:11-CV-3765-CAP, 2012 WL

2394533, at *3 (N.D. Ga. Apr. 11, 2012) (MERS' assignment of a security deed

"does not, in and of itself, have the effect of voiding a transaction under Georgia

law."); Alexis v. Mortg. Elec. Registration Sys. Inc., No. 1:11-cv-01967-RWS,

2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012) ("Having expressly authorized

MERS's involvement in the transaction and its right to assign the Deed, Plaintiff

cannot challenge [assignee's] authority to foreclose on this basis."); Wilson v. JP

Morgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4

(N.D. Ga. Feb. 24, 2012) (no cause of action for "robo-signing" in Georgia);

Edward, 2013 WL 4400102, at *2 (plaintiffs, who were not parties to the PSA,

lack standing to assert claims based on violation of its terms).[7]

---

[7]    To the extent Plaintiffs argue that the Assignment was not properly executed, the Assignment is signed by two Assistant Secretaries of MERS and it contains the signature of two witnesses and a notary jurat.  See, e.g., O.C.G.A.

Plaintiffs next argue that BONY lacks standing to foreclose on the Property

because it is not the "secured creditor" and does not hold the Note. The Supreme

Court of Georgia has expressly rejected this argument and held that "the holder of

a deed to secure debt is authorized to exercise the power of sale in accordance with

the terms of the deed even if it does not also hold the note or otherwise have any

beneficial interest in the debt obligation underlying the deed." You v. JP Morgan

Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013); see also Harris v. Chase Home Fin.,

LLC, No. 12-10406, 2013 WL 3940000 (11th Cir. July 31, 2013) (applying You).

Plaintiffs have not, and cannot, assert a viable claim under any legal theory

based on the Bank Defendants' alleged lack of authority to foreclose on the

§ 44-14-61 (deeds to secure debt shall be attested as required for mortgages); id. § 44-14-64 (transfer of security deed shall be witnessed as required for deeds); id. § 44-14-33 (in the case of real property, mortgage must be attested by an official witness and additional witness); id. § 44-2-21 (deed executed outside of Georgia must be attested by two witnesses, one of whom may be a notary public); id. § 14-5-7(b) (transfer of security deed signed by corporate officer, including assistant secretary, is conclusive evidence that officer occupies position indicated; officer's signature is genuine; and execution of instrument on behalf of corporation has been duly authorized).

Plaintiffs also argue also that the Assignment is defective because MERS is not located at the address listed on the Assignment, and because the trust to which the Plaintiffs' mortgage was assigned, "CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-5," "does not appear in any SEC database as if it does not exist." (Compl. ¶ 94). Plaintiffs fail to allege any facts to support their conclusory assertions. The Court notes further that the Securities and Exchange Commission filings for the trust can be viewed online at: http://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001394390&owner=include&count=40&hidefilings=0 (last visited Nov. 4, 2013).

Property.  Insofar as Plaintiffs base their claims for injunctive and declaratory

relief, wrongful foreclosure, "assignment and title fraud/slander of title,"

negligence, "good faith and fair dealing," and violation of the FDCPA on

perceived defects in the Assignment or the Bank Defendants' alleged lack of

authority to foreclose on the Property, these claims are required to be dismissed.

        2.   <u>Wrongful Foreclosure</u>

To support a claim for wrongful foreclosure under Georgia law, a plaintiff

must establish: (1) the foreclosing party owes a legal duty to the plaintiff;

(2) breach of that duty; (3) a causal connection between the breach of that duty and

the injury sustained; and (4) damages.  <u>All Fleet Refinishing, Inc. v. West Georgia

Nat'l Bank</u>, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006).  "A claim for wrongful

exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor

has no legal right to foreclose."  <u>DeGoyler v. Green Tree Serv., LLC</u>, 662 S.E.2d

141, 147 (Ga. Ct. App. 2008) (quoting <u>Brown v. Freedman</u>, 474 S.E. 2d 73, 75

(Ga. Ct. App. 1996)).

Here, it is undisputed that Ms. Coast is not current on her loan obligations

and Plaintiffs cannot tender the amount due under the Note.  Failure to make the

proper loan payments or tender the amount due defeats any claim for wrongful

foreclosure.  <u>See</u> <u>Harvey v. Deutsche Bank Nat'l Trust Co.</u>, No. 1:12-cv-1612,

2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot

show that the alleged injury is attributable to the lender's acts or omissions, the

borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v.

Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely

attributable to its own acts or omissions both before and after the foreclosure"

because it defaulted on the loan payments, failed to cure the default, and did not

bid on the property at the foreclosure sale). Plaintiffs' claim for wrongful

foreclosure is required to be dismissed for this additional reason.[8]

### 3. "Assignment and Title Fraud/Slander of Title"

Under Georgia law, "[t]he owner of any estate in lands may bring an action

for libelous or slanderous words which falsely and maliciously impugn his title if

---

[8] To the extent Plaintiffs assert a claim for attempted wrongful foreclosure based on "undue public humiliation from the publishing of untrue statements" (Compl. ¶ 87), failure to make the proper loan payments also defeats this claim. See Ezuruike v. Bank of New York Mellon, No. 1:11-cv-4030-JEC, 2012 WL 3989961, at *1-2 (N.D. Ga. Sept. 11, 2012) (dismissing attempted wrongful foreclosure claim where "plaintiff makes no plausible allegation that he was not in default and therefore a foreclosure notice suggesting that he was could not falsely impugn the plaintiff's financial condition"); Peterson v. Merscorp Holdings, Inc., No. 1:12-cv-00014-JEC, 2012 WL 3961211, at *5 (N.D. Ga. Sept. 10, 2012) (plaintiffs failed to state a claim for attempted wrongful foreclosure where they alleged only that defendant misrepresented itself as the secured creditor on foreclosure notice); Sellers v. Bank of Am., N. A., No. 1:11-cv-3955-RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012) (dismissing attempted wrongful foreclosure claim; while plaintiffs alleged that defendants lacked authority to foreclose, plaintiffs failed to allege sufficient facts to show that they suffered any damage as a result).

any damage accrues to him therefrom." O.C.G.A. § 51-9-11. To support an action for slander of title, a plaintiff must allege "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." Cornelius v. Bank of Am., N.A., No. 1:12-cv-0585-JEC, 2012 WL 4468746, at *4 (N.D. Ga. Sept. 27, 2012) (quoting Latson v. Boaz, 598 S.E.2d 485, 487 (Ga. 2004)). A plaintiff who asserts a claim of slander of title can "recover only such special damages as he actually sustained as a consequence of the alleged wrongful acts, and he is required to plead them plainly, fully, and distinctly." Id.

The Court has already found that Plaintiffs lack standing to assert a viable claim based on perceived defects in the Assignment. Plaintiffs further have not asserted that they suffered special damages as a result of the publication of any allegedly false statements. Failure to adequately plead special damages defeats a claim for slander of title. See Cornelius, 2012 WL 4468746, at *4 (dismissing slander of title claim where plaintiff simply claimed millions of dollars in damages without further explanation); Jackman v. Hasty, No. 1:10-cv-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011) (dismissing a slander of title claim for failure to allege special damage); Harmon v. Cunard, 378 S.E.2d 351 (1989) (insufficient proof of special damages where no specific figures were

offered for the damage allegedly suffered).  This claim is required to be dismissed

for this additional reason.

    4.    <u>Negligence</u>

To support a claim for negligence in Georgia, a plaintiff must allege:

> (1) a legal duty to conform to a standard of conduct raised by the law
> for the protection of others against unreasonable risks of harm; (2) a
> breach of this standard; (3) a legally attributable causal connection
> between the conduct and the resulting injury; and (4) some loss or
> damage flowing to the plaintiff's legally protected interest as a result
> of the alleged breach of the duty.

<u>Burch v. Chase Manhattan Mortg. Corp</u>, No. 1:07-cv-0121-JOF, 2008 WL

4265180, at *15 (N.D. Ga. Sept. 15, 2008) (quoting <u>Bradley Ctr., Inc. v. Wessner</u>,

296 S.E.2d 693, 695 (1982)).  However, "[a] defendant's mere negligent

performance of a contractual duty does not create a tort cause of action; rather, a

defendant's breach of a contract may give rise to a tort cause of action only if the

defendant has also breached an independent duty created by statute or common

law."  <u>Fielbon Dev. Co. v. Colony Bank of Houston Cnty.</u>, 660 S.E.2d 801, 808

(Ga. Ct. App. 2008).  Georgia law is clear that "[a]bsent a legal duty beyond the

contract, no action in tort may lie upon an alleged breach of [a] contractual duty."

<u>Id.</u> (quoting <u>Wallace v. State Farm Fire & Cas. Co.</u>, 539 S.E.2d 509, 512

(Ga. Ct. App. 2000)).

Here, Plaintiffs assert that the Bank Defendants negligently breached their duty of care and skill in the servicing of Ms. Coast's loan. These duties arise from the Note and Security Deed Ms. Coast entered into with TLG, and which duties BONY and BANA assumed when they became Ms. Coast's Note holder and loan servicer. Plaintiffs fail to allege that Defendants breached any duty owed to them independent of the Note and Security Deed. Plaintiffs' claim for negligence is required to be dismissed.[9]

5. Good Faith and Fair Dealing

"Although a duty of good faith and fair dealing is implied in every contract, this duty is contractual in nature and does not ordinarily give rise to tort liability."

---

[9] Plaintiffs appear to argue that Defendants also violated O.C.G.A. § 11-9-210 by failing to respond to their request for an accounting. Georgia's Uniform Commercial Code does not apply to transactions involving real property such as Plaintiff's mortgage and the foreclosure sale of Plaintiff's property. See O.C.G.A. § 11-9-109(d)(11) (Article 9 generally does not apply to creation or transfer of an interest in or lien on real property); O.C.G.A. § 11-9-210(b) ("[A] secured party, other than a buyer of accounts, chattel paper, payment intangibles, or promissory notes or a consigner, shall comply with a request [for accounting] within 14 days of receipt."); B & W Pipeline, Inc. v. Newton Cnty. Bank, 353 S.E.2d 829, 831 (Ga. Ct. App. 1987) (UCC does not apply to transactions involving realty); Park Ave. Bank v. Bassford, 205 S.E.2d 861, 863 (Ga. 1974) ("a 'security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation. Under the [UCC] a secured party cannot have a 'security interest' in realty.") (Gunter, J., concurring specially); You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013) (a security deed is not a negotiable instrument and is not governed by Georgia's Uniform Commercial Code). Plaintiffs have not, and cannot, state a claim for relief under any section of the Georgia Uniform Commercial Code.

ServiceMaster Co., L.P. v. Martin, 252 Ga. App. 751, 756 (2001).  Plaintiffs again

fail to allege facts to support that Defendants owed Plaintiffs a duty independent of

those created by the Note and Security Deed.  See id. ("While [a defendant] could

be held liable in tort if, in addition to violating a contract obligation, it also violated

a duty, independent of contract, to avoid harming him, [plaintiff] does not specify

facts which would support a finding that [defendant] owed him any duty

independent of those created by the written employment contract).  The actions

alleged by Plaintiffs all arise from the duties created by Ms. Coast's loan.[10]

Plaintiffs' claim for breach of the duty of good faith and fair dealing is required to

be dismissed.

---

[10]    Plaintiffs argue that Defendants violated Section 15 of the Security Deed and
Section 8 of the Note, which provide that any notice given under the respective
document must be in writing and delivered by first class mail.  Plaintiffs do not
allege that notice was given in any manner not consistent with those requirements.
        Plaintiffs also appear to assert a claim under the Real Estate Settlement
Procedures Act ("RESPA"), 12 U.S.C. § 2605, for failure to respond to their
QWRs.  Assuming their letters constitute valid QWRs under RESPA, Plaintiffs fail
to allege that they either (1) suffered actual damages from Defendants' alleged
failure to respond; or (2) are entitled to statutory damages based on Defendants'
pattern or practice of noncompliance with RESPA.  See Frazile v. EMC Mortg.
Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (an allegation of damages is a
necessary element of any claim under Section 2605).  Plaintiffs fail to state a claim
for relief under RESPA.

6.    Violation of the FDCPA

Plaintiffs assert that Defendants violated the FDCPA by falsely representing that BONY was their secured creditor.  To the extent Plaintiffs assert that the Bank Defendants violated Section 1692e, it is clear that, because BONY is the holder of the Note and Security Deed, and BANA is the loan servicer, the Bank Defendants are not "debt collectors" for the purposes of Section 1692e.  See 15 U.S.C. § 1692a(6)(F); Lacosta v. McCalla Raymer, LLC, No. 1:10-cv-1171-RWS, 2011 WL 166902, at *6 (N.D. Ga. Jan. 18, 2011) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) ("a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned").  Plaintiffs have not, and cannot, state a claim for relief under Section 1692e against the Bank Defendants.

While Rubin Lublin may qualify as a "debt collector" under Section 1692e, it is clear that BONY, as the holder of the Security Deed, was entitled to receive payments on the underlying loan and to foreclose on the Property in the event of Ms. Coast's default.  Plaintiffs fail to show that Rubin Lublin used "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  See 15 U.S.C. § 1692e; Reese v. Ellis, Painter, Ratterree & Adams,

LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (To state a claim for relief under Section 1692e of the FDCPA, a plaintiff must allege that: (1) defendant is a "debt collector;" (2) the challenged conduct is related to debt collection; and (3) defendant engaged in an act or omission prohibited by the FDCPA); Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (same).[11]  Plaintiffs' FDCPA claim is required to be dismissed.

       7.     Injunctive Relief

A claim for preliminary injunctive relief requires a showing of  "a substantial likelihood of success on the merits of the underlying case," Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011), while a permanent injunction requires actual success on the merits, United States v. Endotec, Inc., 563 F.3d 1187, 1194 (11th Cir. 2009).  Because Plaintiffs' claims have been dismissed on the merits, they cannot demonstrate likely or actual success on the merits, and their claim for injunctive relief is required to be dismissed.

---

[11]     While the Bank Defendants and Rubin Lublin may qualify as "debt collectors" for the purpose of Section 1692f(6), see 15 U.S.C. § 1692a(6), Plaintiffs have not alleged that they violated Section 1692f(6).  There is a clear present right for BONY to take possession of the Property because the Security Deed evidences BONY's right to possess the Property, the letters sent to Plaintiffs by Rubin Lublin stated BONY's intention to possess the Property, and Plaintiffs do not allege that the Property is exempt by law.  See 15 U.S.C. § 1692f(6).  Plaintiffs fail to state a claim for relief under Section 1692f(6).  Plaintiffs' claim for violation of the FDCPA is required to be dismissed for these additional reasons.

### 8. Declaratory Relief

Plaintiffs seek a declaration that the Bank Defendants "have no legal or equitable rights in the Note and Security Deed for purposes of foreclosure," and that they lack standing to foreclose on the Property. (Compl. ¶ 52). BONY, as the holder of the Security Deed, is entitled to exercise the power of sale in the event of Ms. Coast's default on her loan obligations. This claim is required to be dismissed.[12]

### C. Leave to Amend

Prior to dismissal of a claim filed by a *pro se* party, a district court should afford that party an opportunity to amend where a more carefully drafted complaint might state a claim upon which relief could be granted. See Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (error to dismiss complaint by a *pro se* litigant with prejudice without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim). Having carefully reviewed Plaintiffs' filings, and the testimony and evidence presented at the two hearings, the Court finds that Plaintiffs' claims are implausible, unfounded, without merit, and that amendment would be futile. See id.; see also Hall v. United

---

[12] The Court has determined that Plaintiffs fail to state a viable claim against Defendants. The Court need not, and does not, address Defendants' other arguments for dismissal based on *res judicata*, insufficient process and insufficient service of process.

Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing Foman v. Davis,

371 U.S. 178, 182 (1962)).  Plaintiffs have not, and cannot, state a viable claim

against Defendants.  Their claims are dismissed with prejudice.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [20, 23]

are **GRANTED.**  This action is **DISMISSED WITH PREJUDICE.**


**SO ORDERED** this 6th day of November, 2013.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE